CHARLES PEAVEY *versus* THE CALAIS RAILROAD COMPANY.

Under a charter authorizing the construction of a railroad " to the place of shipping lumber," on a tide-water river, the right of location is not limited to the upland or to the shore, but the road may be extended across the flats and over tide-water, to a point, at which lumber may conveniently be shipped.

After the time has expired, within which a railroad company were, by their charter, to complete their road, they have no authority to take additional lands for the extension of their road, except by consent of the owner.

WRIT OF ENTRY. The tenants disclaimed a portion of the land. The part, not disclaimed, is a strip four rods wide, extending from the shore of the St. Croix river, one hundred and fifty-three feet upon the flats in tide-water. The first, or inner ninety-five feet from the shore, was taken by the tenants under claim of a right conferred by their railroad charter; and it is covered by a wharf which they erected. The remaining, or outer fifty-eight feet, is covered by a wharf which the St. Croix Manufacturing Company built for their own convenience, and which they sold to the tenants in 1842.

After the evidence was exhibited, the case was submitted to the Court for a decision on legal principles.

*T. J. D. Fuller*, for plaintiff.

1. The demandant is entitled to the whole of the one hun-

dred and fifty-three feet. The charter gave no authority to take land, covered by tide-water. The terminus, fixed in the charter, is " the place of shipping lumber on the St. Croix river." This excludes the flats. The Colonial ordinance does not reach this case. If the road could extend over any of the tide-water, it might, at the discretion of a private corporation, for their own use, be extended indefinitely, making no provision for the purposes of navigation.

2. In no event can the tenants hold the land, beyond the first ninety-five feet. That part was never taken or claimed as a railroad.

*Downes* and *Cooper,* for the tenants.

By the charter, the tenants were authorized to establish their road quite to low-water mark. But they have not extended it so far. The outer portion of the wharf has been, and yet is, occupied by the defendants, and, it being flats, they may hold it as incident to their rights in the inner portion of the wharf or in the upland itself.

WELLS, J. — The company disclaim the land demanded except a strip four rods wide, extending from the bank of the river into the same, and to the end of certain erections, claimed by them. This portion of the premises, they claim a right to hold, under their act of incorporation.

By the act of 1836, c. 204, and also by the Rev. Stat. chap. 80, railroad corporations have the right to take so much of the land, and other real estate of private persons, as may be necessary for the location, construction and convenient operation of their railroads. But the land so taken, shall not exceed four rods in width, except in certain cases.

The company by their charter were authorized to construct " a railway within the town of Calais, in the county of Washington, from the still water at Milltown, so called, to the place of shipping lumber on the St. Croix river."

The demandant contends, that the company have not the right, by their charter, to extend their road beyond the bank of the river and over the flats to its channel, and that the Legis-

lature have not granted authority to make the road over any portion of tide-waters.

The grant gives the power to make the road, to the place of shipping lumber on the river, in the town of Calais. The company were empowered to extend it to the place where their lumber could be shipped. The use to which the railroad was intended to be appropriated, was the transportation of lumber to a place of shipping.

The lumber was to be brought to the ships or the ships to the lumber. But the ships could not pass over the flats, and to effect the purpose contemplated by the charter, the road must be extended to the ships. The flats could then be taken by virtue of the rule, that a grant of a thing includes the means necessary to attain it. *Babcock* v. *W. R. Road Corporation,* 9 Metc. 553.

If the road were limited to the bank or shore of the river, it would fall short of the place of shipping, the place from which the lumber could be directly taken on board the ships.

The act does not indicate, that the lumber should be boated from the shore to the vessels. Nor to the company is the use of tide-waters forbidden. They may take flats as well as upland, unless the charter precludes them.

It is true, that highways cannot be located over tide waters, without the consent of the Legislature. But it is believed to be a fair construction of the charter, in the present case, that the road might be continued, as far as was necessary to reach the vessels, which were to receive the lumber, and that the corporation has obtained the consent of the Legislature for that purpose.

It is unnecessary to consider what would be the construction, if the language had been only that the road should be located on the river, for the import of that used is more comprehensive, although a grant of land bounded on a navigable river, embraces the flats as well as the upland. *Lapish* v. *Bangor Bank,* 8 Greenl. 85.

It is no uncommon event for railroads to run over tide-

waters, and where they lie within the line of the grant, such must be the case, unless words of limitation or exclusion are used.

By the act of Feb. 22, 1838, two years further were allowed to the company, to complete their road.

After the expiration of that period, they could not take the land of individuals, without their consent, for the extension of their road. They must act within the time given to them, by the Legislature.

It appears by the testimony, that in June, 1838, the wharf was finished, and the road completed, extending ninety-five feet from the shore, over the flats. And that subsequently the St. Croix Manufacturing Company continued the wharf fifty-eight feet further, for their own private accommodation.

The St. Croix company sold their erections to the tenants, in November, 1842.

The tenants not having authority to extend their road, after the expiration of the two years, limited for its completion, could not by law, under their charter, take the premises, upon which those erections had been made.

The St Croix company held the premises, occupied by them, under Isaac Clapp, who had mortgaged them to Joseph Whitney, in 1836.

The demandant's title is derived from Whitney, and the tenants cannot lawfully withhold from him that portion of the demanded premises, which extend from the termination of the ninety-five feet, before mentioned, towards the channel of the river. And judgment is to be rendered accordingly.